|  |
|---|
| FILED<br>CLERK, U.S. DISTRICT COURT<br>February 3, 2021<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: \_\_\_\_VPC\_\_\_\_ DEPUTY |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FERNANDEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>STERIK BOYLE HEIGHTS, L.P., a Delaware Limited Partnership; STERIK BOYLE HEIGHTS LLC, a Delaware Limited Liability Company; and RALPHS GROCERY COMPANY, an Ohio Corporation,<br><br>      Defendants | Case No.: 2:19-cv-06034-SB-AS<br><br>ORDER TO SHOW CAUSE RE: SANCTIONS |

    In reviewing the motions for summary judgment, the Court was made aware that Plaintiff submitted a declaration that raises serious concerns.

    The previously assigned judge in this case issued an order establishing a joint briefing procedure for summary judgment motions.  Pursuant to that procedure, Plaintiff delivered his portion of the joint brief to defense counsel, including his declaration.  Dkt. No. 41-4, Ex. 7 (Original Declaration).  Plaintiff's Original Declaration contained statements materially different from those Plaintiff provided at his deposition.  Dkt. No. 41-4, Ex. 6 (Deposition).

1

In his Original Declaration, Plaintiff stated under oath that he was unable to enter the bathroom stall at the Food 4 Less store because of the alleged ADA violations:

> When I arrived at the Store, I needed to use the restroom. However, when I got inside the restroom, I found that the doorway of the restroom stall was too narrow for me to fit my wheelchair through. As a result, I was unable to enter the stall. This was difficult and frustrating for me since I needed to go.

Original Decl. ¶ 5.

In this declaration, Plaintiff appears to present a vivid memory of the incident, one in which he had to use the restroom and was unable to do so because his wheelchair would not fit through the stall doors, leading to understandable frustration—if this were true.

But apparently this was not true. At his deposition, Plaintiff reported another vivid memory seemingly at odds with his Original Declaration:

> Q. Okay, so you're able to – were you able to enter the stall?
> A. It was difficult. Very difficult entering the stall with the wheelchair.
> Q. Okay. You were able to get in and then needed to get near the toilet to empty your [stoma] bag?
> A: Right . . . .
> Q. Okay. And at that point you get as close as you can to the toilet and are able to empty your [stoma] bag; correct?
> A. Yeah.

Depo. at 44:1-16; *see also* Depo. at 41:9-12 (describing in detail his maneuvering

in and out of the stall and conveying his emotions throughout the incident).

In his Original Declaration, Plaintiff had another very specific memory. "Since [he] had touched the stall door when attempting to get in, [he] went to go wash [his] hands before leaving the restroom." Original Decl. ¶ 6. After describing the specific cause for washing his hands (i.e., touching the stall door when he unsuccessfully attempted to get in), Plaintiff described another vivid memory:

> At the time, I did not notice that the plumbing underneath the sink of the restroom was not wrapped to protect against burning contact. When I got home, I felt a tingling sensation on my leg and saw that I had a small red burn mark from where my leg must have touched the exposed pipes under the sink when I wheeled my wheelchair close to the sink to wash my hands. Although the injury was minor, it was still very discomforting to have this happen to me because the Store failed to do something as simple as wrapping the plumbing.

Original Decl. ¶ 6.

At his deposition, Plaintiff explained how upset and frustrated he was with this bathroom incident, noting the was burned while wearing shorts:

> So I had problems coming out of the stall after squeezing myself in there. I was able to do it with a lot of difficulty. And then trying to get out of that stall in reverse was a pain. Definitely. And, you know, I'm still quite upset about it because just going into that bathroom after finally getting out of that stall I went go to wash my hands and I use hot water and going to the sink and, you know, *I'm wearing shorts*.

3

Depo. 41:9-17 (emphasis added).

However, Plaintiff's Original Declaration attaches "true and correct copies of the photographs" that he took on the day of his visit to the store. Original Decl. ¶ 9; Dkt. No. 41-4, Ex. 8 (photographs). The photographs depict Plaintiff wearing blue jeans pants. Plaintiff still maintains that his lower leg was burned where it touched the pipes under the sink. Original Decl. ¶ 6; Dkt. No. 41-5, Ex. 2 (Revised Declaration) ¶ 6.

After Defendants noted the contradictions in Plaintiff's testimony in their portion of the joint brief, Dkt. No. 41-1 at 2-3, Plaintiff submitted a Revised Declaration. The changes are noted in **bold** below:

> Original Decl. ¶ 5: I found that the doorway of the restroom stall was **too** narrow for me to fit my wheelchair through. As a result, I **was unable to enter** the stall.
>
> Revised Decl. ¶ 5: I found that the doorway of the restroom stall was **very** narrow for me to fit my wheelchair through. As a result I **had difficulty entering** the stall.

These minor changes raise more questions than they address. Indeed, Plaintiff appears to avoid disclosing outright whether he entered the stall, stating only that he had difficulty doing so. But he then goes on to repeat verbatim his statement in the Original Declaration that suggests he could not enter the stall: "Since I had touched the stall door when *attempting to get in*, I went to go wash my hands before leaving the restroom." Revised Decl. ¶ 6 (emphasis added).

Read in its entirety, the Revised Declaration does not seem to change the statement in the Original Declaration that "[Plaintiff] was unable to enter the stall." Instead, Plaintiff appears to have purposely injected ambiguity into the Revised Declaration to avoid the contradiction in his deposition. It is difficult at this point to draw any other conclusion when Plaintiff—after being confronted

with his contradiction—opted for obfuscation over clarification.  A witness who submits a declaration is sworn to provide truthful information.  And counsel who assists in the preparation of the declaration must take care to comply with his or her duty of candor to the court.  *ING Bank, fsb v. Ahn*, 2010 WL 4807078, at *1 (N.D. Cal. Nov. 19, 2010) (discussing the duty of candor).

Courts have inherent authority to impose sanctions for bad faith conduct.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980); *In re Yagman*, 803 F.2d 1085 (9th Cir. 1986).  These inherent powers may be used to sanction "a party or its counsel for the filing of false or seriously misleading affidavits . . . to maintain the authority and dignity of the Court."  *Mercury Serv., Inc. v. Allied Bank of Texas*, 117 F.R.D. 147, 158 (C.D. Cal. 1987), *aff'd*, 907 F.2d 154 (9th Cir. 1990).  Plaintiff's Revised Declaration appears to be misleading, if not worse.  When considered in light of Plaintiff's deposition and Original Declaration, there are serious questions of candor about the asserted facts—including whether Plaintiff entered the bathroom stall and whether he was burned while wearing shorts.

There are also serious questions surrounding the preparation of the Original and Revised Declarations and the decisions about their contents.  Under Judge Olguin's order, Plaintiff was precluded from revising the joint brief after submitting his portion.  Dkt. No. 20 at 5.[1]  Yet Plaintiff's counsel made material changes to the brief and Plaintiff's declaration.  *See* Dkt. No. 41-1 at 3-4 (acknowledging that counsel "discuss[ed] with [Plaintiff] the issues that defense counsel identified in [Plaintiff's] deposition transcript, [and] that [Plaintiff]

---

[1] Judge Olguin's order also provides that "[i]f it appears that one (or more) of the parties is primarily responsible for the failure to properly file an adequate joint brief, the primarily responsible party or parties shall be subject to appropriate sanctions."  *Id.* at 6.

5

determined that the [Original Declaration] was inaccurate and required correction"). After learning of the contradictions, Plaintiff's counsel did not seek leave to make the revisions. And the revisions, once made, appear to have been done for purposeful evasion rather than candid correction. *See* discussion *supra*.

Pursuant to the Court's inherent powers and Judge Olguin's order (*see* note 1 *supra*), IT IS HEREBY ORDERED that Plaintiff and his counsel are to show cause, at a hearing **on February 26, 2021 at 8:30 a.m**., why the Court should not impose sanctions for Plaintiff's false and/or misleading declarations and a violation of a court order. Plaintiff is further ORDERED to file **by no later than February 19, 2021** a declaration addressing these issues.

DATED: February 3, 2021

_____
Stanley Blumenfeld, Jr.
United States District Judge